**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BONARD DENINNO,

      Petitioner - Appellant,

vs.

LENORA JORDAN,

      Respondent - Appellee.

No. 99-6196
(D.C. No. 98-CV-1032-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Deninno seeks to appeal from the denial of his habeas petition, 28 U.S.C. § 2254. Mr. Deninno was charged with unlawful possession of a controlled dangerous substance (methamphetamine) and signed a plea agreement whereby he pled guilty to "[p]osession of CDS Methamphetamine as set out in Case Number CRF-94-369." He was sentenced to ten years of imprisonment for

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

"Unlawful Possession Of Controlled Dangerous Substance (Methamphetamine), After Former Conviction Of A Felony." He argues that the "after former conviction of a felony" enhancement was an unbargained for addition to the plea agreement and violated his due process and equal protection rights. He further contends that he is being denied emergency time credits because of the improper enhancement.

The magistrate judge determined that the claim was procedurally barred, and, in the alternative, without merit. Mr. Deninno objected and the district court adopted the recommendation of the magistrate judge. Even apart from the problem of procedural bar, Mr. Deninno cannot meet the current standards for habeas relief. See 28 U.S.C. § 2254(d) & (e)(2). At the time that Mr. Deninno entered his plea, the court entered a minute order specifically noting that the plea was "to the charge of Unlawful Poss CDS AFCF" in exchange for striking a second count of the information and three of four listed felonies. Specifically retained in the information was CRF 92-31, a conviction for the felony offense of larceny. Mr. Deninno was also present when his counsel signed the final Judgment and Sentence on Plea of Guilty, which expressly found petitioner guilty of unlawful possession, after former conviction of a felony. There is no showing that Mr. Deninno's acceptance of the plea was involuntary; there is no basis for habeas relief.

We DENY the application for certificate of appealability and the motion for leave to proceed on appeal without prepayment of fees or costs and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge